**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

TAMIKO JONES, et al.                                                                      PLAINTIFFS

V.                                                                                            NO. 4:03CV229

NL INDUSTRIES, et al.                                                                    DEFENDANTS

## ORDER

Defendant NL Industries has filed a motion to reconsider various summary judgment and *Daubert* rulings made by this court. In its motion, defendant takes particular issue with the court's finding that "blood levels above 10 mcg/dl tend to cause, at the very least, minor intellectual impairments in the order of ... one to three IQ points." Defendant's objection to this finding is remarkable, considering that its own prior briefing supports it. Defendant now appears to have suffered "briefer's remorse" and wishes for the court to consider additional arguments and evidence on reconsideration which are directly contradictory to defendant's own prior briefing on this issue. This would clearly be improper.

This court would specifically quote from page eleven (11) of defendant's consolidated response to plaintiffs' motions to strike several defense experts, wherein defendant wrote that:

> While it is true that many in the health community believe that blood lead levels above 10 mcg/dl can effect neurodevelopmental status, the only causal connection consistently found has been between EBLLs and a *small* decline in IQ.

This court can discern no reasonable interpretation of the aforementioned sentence which would not create fact issues regarding whether the EBBLs among the children in this case caused them to suffer a compensable injury. Defendant now contends that mere "associations" are present between EBBLs and declines in IQ but that such associations are insufficient to prove causation. To reiterate, however, defendant previously wrote that a "causal connection" between EBBLs

and a decline in IQs had "consistently" been found. Clearly, the term "causal connection" does not merely refer to a coincidental association, but indicates, rather, that the EBBLs actually caused the loss in IQ. [1]

It is quite arguable that defendant's motion to reconsider should be stricken outright, given that it raises arguments on numerous different issues which do not fall within the proper scope of a motion to reconsider. In addition to making new arguments on reconsideration, defendant raises improper "straw man" arguments, noting that plaintiffs seek to recover for damages well in excess of that which might compensate them for a loss of a few IQ points. This court repeatedly acknowledged this same fact in its order, and it is unclear why defendant feels the need to make note of it on motion to reconsider. Obviously, the fact that plaintiffs may (or may not) find it difficult to prove the full extent of damages which they seek in this case is no grounds for dismissing the action outright. Defendant also raises additional *Daubert* arguments, but this court made it clear that the parties would have an opportunity at trial to seek more limited exclusions or inclusions of specific testimony, and the court sees no need to alter this approach at this juncture.

In light of the foregoing, it is ordered that defendant's motion to reconsider is denied.

SO ORDERED, this the 12th day of June, 2006.

            /s/ Michael P. Mills
            **UNITED STATES DISTRICT JUDGE**

---

[1] Indeed, defendant concedes in footnote 13 of the aforementioned brief that "the scientific literature and plaintiff's own expert find that there might only be a slight reduction in IQ *resulting from* exposure to lead, amounting to about 1-3 IQ points for exposure from 10-20 mcg/dl." (Emphasis added).

2