# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**TAMIKO JONES, et al.**                                                                 **PLAINTIFFS**

**v.**                                                                   **CIVIL ACTION NO. 4:03CV229**

**NL INDUSTRIES, et al.**                                                                 **DEFENDANT**

## ORDER

Defendant's motion in limine [247-1] to preclude evidence of foreign law and foreign regulations is denied at this juncture, although the court will likely limit the scope of any such evidence at trial to ensure that the jury is not given the mistaken impression that such laws and/or regulations are binding in this case. At the same time, the court can not exclude the possibility that the existence of such laws, and defendant's awareness of same, might be relevant to certain issues in this case.

Defendant's motion in limine [248-1] to preclude evidence of its lead paint advertisements is denied. Defendant does not explain exactly how the introduction of such advertisements might "inflame the jury," and, barring a showing of undue prejudice, the court will permit such evidence to be admitted.

Defendant's motion in limine [249-1] to preclude evidence of its Lead Industries Association involvement is granted in part and denied in part. The court may well admit such evidence to show certain knowledge on the part of defendant, but the court does agree with defendant that any such evidence should be quite limited to avoid giving the jury the impression that defendant is responsible for the LIA's activities.

Defendant's motion in limine [250-1] to preclude evidence of other lawsuits against it is dismissed as moot, in light of plaintiffs' stated intention not to admit such evidence.

Defendant's motion in limine [251-1] to preclude Dr. Muschak from testifying as to specific causation issues is denied at this juncture, although defendant will have the opportunity to make more specific objections in this regard at trial.

Defendant's motion in limine [252-1] to preclude Nathaniel Fentress from testifying as to specific causation issues is denied at this juncture, although defendant will have the opportunity to make more specific objections in this regard at trial.

Defendant's motion in limine [253-1] to preclude Dr. Rosen from testifying as to specific cognitive defects is denied at this juncture, but this court will seriously entertain granting the motion at a later date unless Dr. Rosen is able to verify to this court that he formed his own opinions on causation issues rather than merely adopting the views of Dr. Lidsky.[1]

Defendant Jerry Purnell's motion [254-1] to exclude evidence of complaints directed against his apartment complex which are unrelated to lead paint issues will be granted at this juncture, although plaintiffs will have an opportunity at trial to argue in favor of the inclusion of specific testimony at trial which they contend is relevant to the issues before the court.

Defendant Jerry Purnell's motion [255-1] to exclude testimony of "general emotional distress" is dismissed at this juncture, given that it is unclear exactly which testimony will be introduced in this regard. The court reserves judgment, however, regarding whether plaintiffs

---

[1]Defendant cites to certain deposition testimony in which Dr. Rosen indicates that he only formed his opinions in this regard after reviewing Dr. Lidsky's report. The context of this testimony is not clear to this court, however. For example, it may well be the case that Dr. Rosen used certain information contained in Dr. Lidsky's report in forming his opinions, but that his opinions were nevertheless the result of his own independent judgment.

2

might eventually be entitled to recover emotional distress damages under Mississippi law. It appears that this is an issue which might be more appropriately dealt with during jury instructions, but the court sees no need at this juncture to preclude the plaintiffs from testifying as to any emotional distress they might have suffered.

Defendant Jerry Purnell's motion [256-1] to exclude evidence of other litigation against him is dismissed at this juncture, given plaintiffs' stated intention not to use such evidence at trial. If plaintiffs should change their minds in this regard, then the court will deal with this issue at trial.

SO ORDERED, this the 19th day of June, 2006.

    /s/ Michael P. Mills
**UNITED STATES DISTRICT JUDGE**